**IN THE UNITED STATES DISTRICT COURT FOR MARYLAND**
**NORTHERN DIVISION**

**FABIOLA FRANCISCO** :
8310 Robey Avenue :
Annandale, VA 22003 :
:
Plaintiffs, :
:
v. : Case No.
:
**MARYLAND AVIATION ADMINISTRATION** :
**SERVE:** :
Nancy K. Kopp, Treasurer :
State of Maryland Treasurer's Office :
80 Calvert Street :
Goldstein Treasury Building :
Annapolis, MD 21404 :
:
and :
:
**AIR VENTURES, L.L.C.,** :
**SERVE:** :
The Corporation Trust Incorporated :
351 West Camden Street :
Baltimore, MD 21201 :
:
Defendants. :

---

**COMPLAINT**

COME NOW the Plaintiffs, Fabiola Francisco, by and through her attorneys, Allan M. Siegel, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over the within cause of action in that the incident complained of herein occurred in

Anne Arundel County, Maryland. Defendant Defendant Maryland Aviation Administration (hereinafter "Maryland Aviation") is a division of the Maryland Department of Transportation with its principal place of business in Maryland. Defendant Air Ventures, LLC, organized and with is principal place of business in the State of Maryland. Plaintiff Donnie Osbourne is a citizen of the State of Virginia. Accordingly, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332 (a), and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

**COUNT I**

(Negligence - Personal Injury)

1. Upon information and belief, at all relevant times herein, Defendant Maryland Aviation Administration (hereinafter "Maryland Aviation"), inter alia, owned, leased, operated, managed, and/or maintained the real property and premises at issue herein, namely Baltimore Washington International ("BWI") Airport, located in Baltimore, Maryland 21240, in Anne Arundel County (hereinafter "the premises at issue").

2. Upon information and belief, at all relevant times herein, Defendant Air Ventures, L.L.C., (hereinafter "Air Ventures"), inter alia, managed, owned, and/or operated food concessions at the BWI Airport, including but not limited to a Jamba Juice store located at BWI Airport

3. On or about June 27, 2014, at approximately 9:00 a.m., Plaintiff Fabiola Francisco was lawfully and properly present on the grounds of the premises at issue.

4. At said time or place, Plaintiff Fabiola Francisco, was lawfully and properly walking towards Gates B1-B15, with all due regard for her own safety, when she slipped and fell on liquid, which had been allowed to accumulate and remain on the floor. Defendants, acting by and through their agents, servants, and/or employees, knew of the hazard, but failed to adequately clean and/or barricade the area, give verbal warnings, and/or conspicuously post notices or signs conspicuously, to provide individuals similarly situated as the Plaintiff reasonable notice of the hazard.

5. Defendants Maryland Aviation and/or Air Ventures, acting by and through their actual and/or apparent agents, servants, and/or employees, knew or should have known, inter alia, of the existence of liquid on the floor in the area where Plaintiff fell and of its unreasonably dangerous condition, that the Plaintiff and others similarly situated would be walking there, and that the wet and slippery floor, combined with the absence of verbal warnings, barricades, or conspicuously placed warning signs or notices, posed an unreasonable risk of harm to those, like Plaintiff, who were lawfully and properly present.

6. At all times mentioned herein, Defendants Maryland Aviation and/or Air Ventures, acting by and through their actual and/or apparent agents, servants, and/or employees, owed a continuing duty to maintain the premises at issue in a reasonably safe condition, with due regard for persons lawfully and reasonably upon the premises.

7. Defendants Maryland Aviation and/or Air Ventures, acting by and through their actual and/or apparent agents, servants, and/or employees, breached the duties owed to Plaintiff by, inter alia, failing to use reasonable measures to timely remove liquid from the floor of the premises at issue; failing to use reasonable and ordinary care to keep the premises safe for the benefit of those who lawfully and reasonably came upon the premises; failing to post adequate notices, barricade the area, provide verbal warnings, and/or otherwise warn the Plaintiff of dangers that the Defendants knew, or should have known, existed; and failing to reasonably inspect the premises at issue for safety hazards. At all times mentioned herein, Plaintiff Fabiola Francisco was free of negligence and/or contributory negligence.

8. As a direct and proximate result of the aforesaid negligence, Plaintiff Fabiola Francisco suffered injuries and damages, including but not limited to: a fractured left patella necessitating open reduction internal fixation surgery; she has

incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered, and will in the future suffer, a loss of earnings and earning capacity; and she has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff Fabiola Francisco demands judgment of and against Defendant Maryland Aviation Administration and Defendant Air Ventures, L.L.C., jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000), plus pre-judgment interests and costs.

**COUNT II**

(Negligent Hiring, Training, Retention and Supervision)

Plaintiff incorporates by reference herein each and every allegation set forth above and further state as follows:

9. At all times mentioned herein, Defendants Maryland Aviation and/or Air Ventures, acting by and through their actual and/or apparent agents, servants, and/or employees, owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and to reasonably hire, train, retain and supervise their personnel to reasonably assure, inter alia, that the premises at issue were not left in an unreasonable dangerous condition. Defendants also had a duty to properly train, retain and

supervise these persons to assure that if there was a spill and/or other dangerous substance on the floor that, inter alia, they provided verbal warnings of the hazard, that the area was properly barricaded, that notices and similar devices were conspicuously posted, and/or any liquid on the floor was promptly removed from the floor.

10. Defendants Maryland Aviation and/or Air Ventures, acting by and through their actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff by, inter alia, failing to reasonably hire, train, retain, and supervise their personnel, as set forth above.

11. As a direct and proximate result of the Defendants' aforesaid negligence, Plaintiff was injured and damaged as set forth above in paragraph 9.

WHEREFORE, Plaintiff Fabiola Francisco demands judgment of and against Defendant Maryland Aviation Administration and Defendant Air Ventures, L.L.C., jointly and severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000), plus pre-judgment interests and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

Allan M. Siegel
1232 17th Street, N.W.
Washington, D.C. 20036
202-659-8600
siegel@dc-law.net
Attorneys for Plaintiffs

**CERTIFICATE OF GOOD STANDING**

I hereby certify that I am a member in good standing of the Maryland Bar.

Allan M. Siegel

**JURY DEMAND**

Plaintiffs hereby request a trial by jury as to all issues triable herein.

Allan M. Siegel

**RULE 1-322.2 CERTIFICATE**

I hereby certify that I have complied with Rule 1-322.1, regarding the exclusion of personal identifier information in court filings.

Allan M. Siegel